| Fill in this information to identify the case: | |
|---|---|
| Debtor name **Wouaff Wouaff, LLC** | |
| United States Bankruptcy Court for the: MIDDLE DISTRICT OF FLORIDA | |
| Case number (if known) 8:22-bk-01595-MGW | ☑ Check if this is an amended filing |

Official Form 425A

# Second Amended Plan of Reorganization for Small Business Under Chapter 11         02/20

**Wouaff Wouaff, LLC** 's Plan of Reorganization, Dated **February 23, 2023**

[If this plan is for a small business debtor under Subchapter V, 11 U.S.C. § 1190 requires that it include "(A) a brief history of the business operations of the debtor; (B) a liquidation analysis; and (C) projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization." The Background section below may be used for that purpose. Otherwise, the Background section can be deleted from the form, and the Plan can start with "Article 1: Summary"]

**Background for Cases Filed Under Subchapter V**

   **A. Description and History of the Debtor's Business**

The Debtor is a Florida Limited Liability company with its principle place of business at 2700 N. MacDill Avenue, Suite 217, Tampa, FL 33607. Since April, 2015, the Debtor has been in the business of: Debtor is a mobile dog and cat grooming service serving the Tampa Bay Area. Debtor is a franchisee of Aussie Pet Mobile, Inc. Debtor employs certified and trained groomers who groom customers' pets with personal, 100% cage free, one-on-one attention. Debtor's certified and trained groomers and mobile grooming units go directly to customers. Each mobile pet grooming unit is a custom designed spacious sprinter van with air conditioning, heat, electricity, and water, and relies on no outside electrical or water hookups. Debtor employs appropriately (16) sixteen people. The Debtor uses a third party processing payroll company and is current on all payroll liabilities.

The Debtor is current on its post-petition obligations. Historical financial information can be found on the Court's docket under the Statement of Financial Affairs and Monthly Operating Reports (Doc. # 31; Doc. #48; Doc. # 62; Doc. # 88; Doc. #91, Doc. #95, Doc #103, and Doc #106).

   **B. Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit **"A"**.

   **C. Ability to make future plan payments and operate without further reorganization**

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Plan Proponent has provided projected financial information as Exhibit "B".

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $ **1,243,333.00**.

The final Plan payment is expected to be paid on **March 1, 2028**. Twelve month projected revenue in post-confirmation is conservatively estimated based on past performance of the Debtor.

The Debtors gross revenues for (12) twelve months following Confirmation is expected to be $1533,000.00, which is in line with the performance of the Debtor in recent months.

The total net income following Confirmation are projected to be $225,050.81 to $280,4074.24 be the end of the fifth years of the Plan. Naturally, as revenues increase there will be an increase of cost of sales the projections consider variable costs along with fixed costs. The projections also take into consideration Chapter 11 administrative expenses as well as ongoing professional fees for continued support of attorneys and accountants. There are line items for accounting and legal fees.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

### Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of **Wouaff Wouaff, LLC** (the *Debtor*) from operations, or future income.

This Plan provides for:     **1** class of priority claims;

Debtor **Wouaff Wouaff, LLC**                                       Case number (*if known*)
     Name

<u>4</u> classes of secured claims;

<u>1</u> class of non-priority unsecured claims; and

<u>1</u> class of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately <u>100</u> cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

### Article 2: Classification of Claims and Interests

| | | |
|---|---|---|
| 2.01 | **Class 1** | All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)). |
| | | Internal Revenue Service whose claims for $1,240.00 has been satisfied and is expected to be withdrawn. |
| 2.02 | **Class 2** | The claims of **Secured Claimants on equipment of Sterns Bank (Claim #10)**; **Huntington Bank (Claim #17)**, **Crestmark (Claim #11)**, and **Balboa (no claim filed)** to the extent allowed as a secured claim under § 506 of the Code; |
| 2.03 | **Class 3** | These are secured claims secured by vehicles **Daimler Trust (Claims #8 and #9)**. |
| 2.04 | **Class 4** | This is a secured claim secured by vehicle **Channel Partners (Claim #10)**. |
| 2.05 | **Class 5** | This is a secured claim secured by vehicle **Mercedes Benz Financial Services (Claim #14)**. |
| 2.06 | **Class 6** | Secured Claims of Blanket Lien Holder, **The Small Business Administration (Claim #6)** |
| 2.07 | **Class 7** | Members of the Class are: |
| | | Prospereum (Claim #15), Fox Capital Group (Claim #16), Blue Vine (Claim #4), Fortress (no claim filed), Cloud Fund LLC (no claim filed), Rapid Finance (no claim filed), and Loan Builder (no claim filed). |
| | | This Class provides entities that hold claims against the Debtor based upon agreements with the Debtor under which Claimants purchased a percentage of the Debtor's future accounts, contract rights, and other entitlements arising from or relating to the payment of money by the Debtor's customers and third party payers for payments due to the Debtor as a result of the sale of goods and/or services. |
| 2.08 | **Class 8** | All non-priority unsecured claims allowed under § 502 of the Code. |
| | | PNC Bank (Claim #7); Wells Fargo Bank (Claims #1 and # 3); American Express (Claim #5), On Deck Funding (Claim #2), Ford Harrison (Claim #13), and Capital One (no claim filed) |
| 2.09 | **Class 9** | Equity Interest of the Debtor: Christophe Sevin 50%; Julian M. Mackenzie 45% and Deborah Ferrari 5% |

### Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes. |
| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code, [and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |
| | | Or |
| | | Each holder of an administrative expense claim allowed under § 503 of the Code, [and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid [specify terms of treatment, including the form, amount, and timing of distribution, consistent with section 1191(e) of the Code]. |
| | | [Note: the second provision is appropriate only in a subchapter V plan that is confirmed non-consensually under section 1191(b).] |

Debtor   **Wouaff Wouaff, LLC**                                      Case number (if known)
         Name

| | | |
|---|---|---|
| 3.03 | **Priority tax claims** | Each holder of a priority tax claim will be paid [Specify terms of treatment consistent with § 1129(a)(9)(C) of the Code]. |
| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| 3.05 | **Prospective quarterly fees** | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code |

### Article 4: Treatment of Claims and Interests Under the Plan

4.01   Claims and Interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| **Class 1 - Priority claims excluding those in Article 3**<br><br>Internal Revenue Service | ☐ Impaired<br>☑ Unimpaired | Amended Claim #17 in the amount of $1,260.00 which is a priority claim. This estimated claim for the year 2021, and is contended that this claim is so be satisfied by the recent filing of the Debtor's 2021 tax return. |
| **Class 2 – Secured on equipment of:**<br><br>Sterns Bank (Claim #10);<br>Huntington Bank (Claim #17),<br>Crestmark (Claim #11), and<br>Balboa (no claim filed) | ☑ Impaired<br>☐ Unimpaired | These Creditors hold secured claims secured by UCC on Debtor's equipment including but not limited to computer servers and equipment. Crestmark holds a secured claim in the amount of $126,705.29 (Claim #11); Huntington Bank (Claim#17) hold a secured claim in the amount of $14,881.27 and Sterns Bank holds a secured claim in the amount of $4,902.21. The secured claims will be amortized over (60) sixty months at 0% with monthly payments of $82.81 per month to Sterns Bank $248.02 to Huntington Bank and $2,111.76 per month to Crestmark commencing (30) thirty days from the entry of the Confirmation Order.Balboa (no claim filed), which shall receive $23,498.00 at 0% interest over the term of 60 months. Said Creditors will retain their liens to the same extent, validity, and priority as existed pre-petition. |
| **Class 3 - Daimler Trust (Claim #s 8 and 9)** | ☐ Impaired<br>☑ Unimpaired | These are the secured claims of Daimler Trust (Claims 8 & 9) secured by two (2) vehicle leases which will be paid in accordance with their terms. |
| **Class 4 - Channel Partners (Claim #12 )** | ☑ Impaired<br>☐ Unimpaired | Channel Partners' claim is secured by one vehicle; the second vehicle was released by Court-approved payment of $20,000.00 during the pendency of this case; after application of the $20,000.00, the secured portion of Channel Partners' claim was reduced to $58,242.91 which shall be paid over 3.5 years at 8.0% interest, which is estimated to be $1,594.51 per month. The unsecured portion of Channel Partners' claim, in the amount of $18,444.13 shall be treated as unsecured and paid without interest over five (5) years). |
| **Class 5 - Mercedes Benz Financial Services (Claim #14).** | ☑ Impaired<br>☐ Unimpaired | The secured claim of Mercedes Benz is secured by five (5) leases on five (5) vehicles which have five (5) separate leases and five (5) separate maturity dates. The parties agreed to a comprehensive agreement which provides for extending two (2) of the leases to cover administrative claims and payment of the administrative claims on the remaining three (3) leases over eight (8) months. The Debtor shall pay a total, including all additional charges, late charges, property taxes, sales taxes, and attorney's fees, of administrative claim of $238,768.15. It is anticipated that the final payment of the last lease will occur on May 13, 2027. |
| **Class 6 - Small Business Administration (Claim #6)** | ☐ Impaired<br>☑ Unimpaired | This is a secured claim, secured by blanket lien on all personal property of the Debtor. This claim (Proof of Claim No. 6 in the amount of $160,155.82) will be paid in full with contract interest of 3.75% over the 30 year term of the note. |

Debtor **Wouaff Wouaff, LLC**  
Name

Case number (if known)

| | | |
|---|---|---|
| Class 7 - Prospereum (Claim #15), Fox Capital Group (Claim #16), Bluevine (Claim #4), Fortress (no claim filed), Cloud Fund LLC (no claim filed), Loan Builder (no claim filed), and Rapid Finance (no claim filed) | ☑ Impaired<br>☐ Unimpaired | This class is comprised of entities that hold claims against the Debtor based upon agreements with the Debtor under which the Claimants purchased a percentage of the Debtor's future accounts, contract rights and other entitlements arising from or relating to the payment of money by the Debtor's customers and/or third party payors for payments due to the Debtor as the result of the sale of goods and services.<br><br>The members of this class are Prospereum (Claim #15), which shall be paid $39,775.83 with 0% interest over the term of 60 months; Fox Capital Group (Claim #16), which shall receive $36,750.00 at 0% interest over the term of 60 months; Bluevine (Claim #4), which shall be paid $60,568.00 at 0% interest over the term of 60 months; Fortress (no claim filed), which shall receive $97,875.00 at 0% interest over the term of 60 months; Cloud Fund LLC (no claim filed), which shall receive $152,360.00 at 0% interest over the term of 60 months; Loan Builder (no claim filed), which shall receive $80,866.00 at 0% over the term of 60 months; and Rapid Finance (no claim filed), which shall receive $55,000.00 at 0% interest over the term of 60 months.<br><br>Beginning on the 20th day of the first full month following the effective date of the Plan and continuing on the 20th day of each and every month thereafter, for a total of (60) sixty consecutive months. The Debtor will pay to these creditors an amount in accordance with the attached payment schedule with all creditors receiving full payment of their filed or scheduled claims at 0% interest. |
| Class 8 - Non-priority unsecured claims - PNC Bank (Claim #7); Wells Fargo Bank (Claims #1 and #3); American Express (Claim #5); Ford Harrison (Claim #13), On Deck (Claim #2), and Capital One (no claim filed) | ☑ Impaired<br>☐ Unimpaired | This class shall be provided promissory notes for 100% of their allowed claims payable over 60 months in monthly payments starting the 15th of each month following the effective date of the Plan. These claims will be paid 100% of their claim over 60 months without interest in accordance with the attached payment schedule. |

## Article 5: Allowance and Disallowance of Claims

**5.01 Disputed Claim**

A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either:

(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

**5.02 Delay of distribution on a disputed claim**

No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

**5.03 Settlement of disputed claims**

The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## Article 6: Provisions for Executory Contracts and Unexpired Leases

**6.01 Assumed executory contracts and unexpired leases**

(a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date:

Balboa Capital equipment lease, Snyder Leasing/Financial Pacific and Mike Albert Leasing

(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than **30** days after the date of the order confirming this Plan.

Debtor   **Wouaff Wouaff, LLC**
         Name

Case number (*if known*)  _____

## Article 7: Means for Implementation of the Plan

Post Confirmation all Plan payments will be funded by the Debtor's cash flow in accordance with the projections attached hereto as Exhibit "B". The Debtor will continue to be owned and operated by its members, Christophe Sevin; Julian M. Mackenzie and Deborah Ferrari.

## Article 8: General Provision

| | | |
|---|---|---|
| 8.01 | Definitions and rules of construction | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: |
| 8.02 | Effective Date | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | Severability | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | Binding Effect: | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | Captions | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| [8.06 | Controlling Effect | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of **Florida** govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.] |
| [8.07 | Corporate Governance | The Debtor will continue to be owned and operated by its current members Christophe Sevin; Julian M. Mackenzie and Deborah Ferrari. |
| [8.08 | Retention of Jurisdiction | Language addressing the extent and the scope of the bankruptcy court's jurisdiction after the effective date of the plan.] |

## Article 9: Discharge

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:
    (i) imposed by this Plan; or
    (ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:
    (i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192;
or
    (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## Article 10: Other Provisions

| Debtor | Wouaff Wouaff, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

(a) Injunctions.

As of the Effective Date, all persons who have held, hold or may hold Claims, or who have held, hold, or may hold Interests, shall be enjoined from taking any of the following actions against the Reorganized Debtor, the Debtor's estate, the assets or properties of the Reorganized Debtor (other than actions brought to enforce any rights or obligations under the Plan or appeals, if any, from the Confirmation Order) (i) commencing, conducting, continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against the Reorganized Debtor, the Debtor's estate or the assets or properties of the Reorganized Debtor, including the stock of the Reorganized Debtor, or any direct or indirect successor in interest to the Reorganized Debtor, or any assets or properties of any such transferee or successor; (ii) enforcing, levying, attaching, collecting or otherwise recovering by any manner or means whether directly or indirectly any judgment, award, decree or order against the Reorganized Debtor or the Debtor's estate, including the stock of the Reorganized Debtor, or the assets or properties of the Reorganized Debtor or the Debtor's estate or any direct or indirect successor in interest to any of the Reorganized Debtor, or any assets or properties of any such transferee or successor; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Reorganized Debtor or the Debtor's estate or the assets or properties of the Reorganized Debtor or the Debtor's estate or any direct or indirect successor in interest to the Reorganized Debtor, or any assets or properties of any such transferee or successor other than as contemplated by the Plan; (iv) asserting any set off, right of subrogation or recoupment of any kind, directly or indirectly against any obligation due the Reorganized Debtor of the Debtor's estate or the assets or property of the Reorganized Debtor, or any direct or indirect transferee of any assets or property of, or successor in interest to, the Reorganized Debtor; and (v) proceeding in any manner in any place whatsoever that does not conform or comply with the provisions of the Plan.

(b) Unclaimed Distributions

i. If the Holder of an Allowed Claim fails to negotiate a check for a Distribution issued to such Holder within 60 days of the date such check was issued, then the Trustee, or Reorganized Debtor as the case may be, shall provide written notice to such Holder stating that, unless such Holder negotiates such check within 30 days of the date of such notice, the amount of Cash attributable to such check shall be deemed to be unclaimed, such Holder shall be deemed to have no further Claim in respect of such check, such Holder's Allowed Claim shall no longer be deemed to be Allowed, and such Holder shall not be entitled to participate in any further Distributions under the Plan in respect of such Claim.

ii. If a check for a Distribution made pursuant to the Plan to any Holder of an Allowed Claim is returned due to an incorrect or incomplete address for the Holder of such Allowed Claim, the Trustee is unable to obtain the correct or complete address, and no claim is made in writing to the Trustee as to such check within thirty (30) days of the date such Distribution was made, then the amount of Cash attributable to such check shall be deemed to be unclaimed, such Holder shall be deemed to have no further Claim in respect of such check, such Holder's Allowed Claim shall no longer be deemed to be Allowed, and such Holder shall not be entitled to participate in any further Distributions under the Plan

| Debtor | Wouaff Wouaff, LLC | Case number (if known) 8:22-bk-01595-MGW |
|---|---|---|
| | Name | |

In respect of such Claim.

iii. Any unclaimed Distribution as described above shall be redistributed to the Holders of Allowed Claims in such Class.

Respectfully submitted,

X *[signature]*
[Signature of the Plan Proponent]

Julian M. Mackenzie
[Printed name]

X *[signature]*
[Signature of the Attorney for the Plan Proponent]

Marshall G. Reissman 0310085
[Printed name]